**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Matter of: Almeter B. Robinson (Decedent)

Laverne Robinson, Appellant,

v.

Willene Brooks, Mary Greene, Ronnie Robinson, Almeter P. Harrison, Herbert Robinson, James Robinson, Leroy Robinson, and Martha Aiken, Defendants,

Of Whom Mary Greene, Ronnie Robinson, Almeter P. Harrison, Leroy Robinson, and Martha Aiken are the Respondents.

Appellate Case No. 2020-000063

———————

Appeal From Kershaw County
Robert E. Hood, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-243
Submitted May 1, 2022 – Filed June 8, 2022

———————

**AFFIRMED**

———————

John W. Wells, of Baxley, Wells & Benson, of Lugoff, for Appellant.

Moultrie B. Burns, Jr., of Savage Royall & Sheheen, of Camden, for Respondents Mary Greene, Ronnie Robinson, Almeter P. Harrison, and Leroy Robinson.

Leonard R. Jordan, Jr., of Jordan Law Firm, of Columbia, for Respondent Martha Aiken.

---

**PER CURIAM:**  In this action for formal appointment and admission of a will for probate, Laverne Robinson appeals the circuit court's order affirming the probate court's determination that he did not rebut the presumption of undue influence created by his fiduciary and confidential relationship with Almeter Robinson, the testatrix.  On appeal, Laverne argues the probate court improperly shifted the burden of proof to him to disprove undue influence, when the burden to prove undue influence should have remained on the contestants of the will, Willene Brooks, and Respondents Mary Greene, Ronnie Robinson, Almeter P. Harrison, Leroy Robinson, and Martha Aiken.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Hairston v. McMillan*, 387 S.C. 439, 445, 692 S.E.2d 549, 552 (Ct. App. 2010) ("An action to contest a will is an action at law, and in such cases reviewing courts will not disturb the probate court's findings of fact unless a review of the record discloses no evidence to support them."); *Bob Jones Univ. v. Strandell*, 344 S.C. 224, 230, 543 S.E.2d 251, 253 (Ct. App. 2001) ("If a proceeding in the [p]robate [c]ourt is in the nature of an action at law, review by the [c]ircuit [c]ourt and [appellate courts] extends merely to the correction of errors of law."); S.C. Code Ann. § 62-3-407 (2022) ("Contestants of a will have the burden of establishing undue influence, fraud, duress, mistake, revocation, or lack of testamentary intent or capacity."); *Gunnells v. Harkness*, 431 S.C. 116, 122, 847 S.E.2d 97, 100 (Ct. App. 2020) ("A contestant of a will challenging the validity of the will on the basis of undue influence bears the burden of proof and must present evidence showing the testatrix's will was overborne by that of the influencer or someone acting on his behalf."); *id.* at 123, 847 S.E.2d at 100 ("Successful will contests asserting undue influence often include evidence of threats, force, restricted visitation, or an existing fiduciary relationship."); *id.* ("The existence of a fiduciary relationship between the influencer and the testatrix creates a rebuttable presumption of undue influence."); *Howard v. Nasser*, 364 S.C. 279, 288, 613 S.E.2d 64, 68-69 (Ct. App. 2005) ("[A]lthough the proponents of the will must present evidence in rebuttal, they do not have to affirmatively disprove the existence of undue influence.  Instead, the contestants of the will still retain the ultimate burden of proof to invalidate the will."); *Calhoun v. Calhoun*, 277 S.C. 527, 530, 290 S.E.2d 415, 417 (1982) ("In determining whether the contestants

sustained such burden [of proof], the evidence has to be viewed in the light most favorable to the contestants."); *Gunnells*, 431 S.C. at 124, 127, 847 S.E.2d at 101-02 (concluding evidence supported the probate court's finding that the testatrix's execution of the at-issue will was a product of the appellant's undue influence, even when the attorney who drafted the at-issue will testified the testatrix assured the attorney that she was not pressured into changing her will).

**AFFIRMED.**[1]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.